UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CLIFFORD DAMON,

        Petitioner,

- against -

PEOPLE OF THE STATE OF NEW YORK,

        Respondent.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-2388 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Petitioner *pro se* Clifford Damon, proceeding *in forma pauperis*, brings this petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for murder and attempted murder. (Pet. for Writ of Habeas Corpus ("Pet.") (Doc. No. 1).) For the reasons that follow, Damon's petition is denied.

## BACKGROUND

On May 14, 2008, a jury convicted Damon of the murder of his girlfriend, Donna Gomes, and the attempted murder of his roommate, Courtney Gaskin. He was sentenced to a term of twenty-five years to life on June 10, 2008. Damon filed a direct appeal with the New York Supreme Court, Appellate Division on March 19, 2010, arguing that: (1) the trial court violated his constitutional right to counsel by allowing him to represent himself without advising him of the material risks of self-representation; and (2) the prosecutors denied him due process by eliciting improper hearsay evidence, asking him improper questions, and inflaming the jury with name-calling and character assassination. (*See* Pet'r Appellate Br. (Doc. No. 7-2).) On November 9, 2010, the Appellate Division affirmed the judgment of conviction, holding that Damon validly waived his right to counsel and that his remaining claims were unpreserved for appellate review, and in any event, meritless. *See People v. Damon*, 911 N.Y.S.2d 127 (2d Dep't

2010). The Appellate Division further found that "there was overwhelming evidence of [Damon's] guilt." *Id.* at 128. Leave to appeal to the New York Court of Appeals was denied on May 9, 2011. *See People v. Damon*, 926 N.Y.S.2d 29 (2011).

Damon timely filed the instant petition, seeking federal habeas relief on the ground that he was denied his right to a fair trial. Specifically, Damon complains that: (1) the trial judge prohibited him from questioning Willa Mae Armstead, a police records custodian, about the location from which Damon's neighbor made a 9-1-1 call; and (2) the trial judge interjected to question Armstead during Damon's cross-examination of her. (*See* Pet'r Response to Order to Show Cause ("Pet'r Resp.") (Doc. No. 10) at 1–2.)[1] This Court granted Damon's application to proceed *in forma pauperis* and ordered Respondent to show cause as to why a writ of *habeas corpus* should not issue. (Order to Show Cause (Doc. No. 4).) Respondent filed a response, (Resp't Response to Order to Show Cause ("Resp't Resp.") (Doc. No. 5)), and Damon filed a reply in opposition, (Pet'r Resp.).

## DISCUSSION

A petitioner seeking a writ of *habeas corpus* must comply with the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, which requires that a petitioner exhaust his or her federal constitutional claims in state court before seeking federal review. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (internal citation and quotation marks omitted)). "To satisfy the exhaustion requirement, a petitioner must have presented to the state

---

[1] For ease of reference, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF") for the combined document, rather than the individual page numbers for each individual document.

2

court 'all of the essential factual allegations' and 'essentially the same legal doctrine' asserted in the federal habeas petition." *Tigner v. Lee*, No. 11-CV-4432, 2014 WL 4979697, at *3 (S.D.N.Y. Oct. 3, 2014) (quoting *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982) (en banc)); *see also Chellel v. Miller*, No. 04-CV-1285, 2008 WL 3930556, at *4 (E.D.N.Y. Aug. 21, 2008) ("A petitioner must present the substance of a habeas corpus claim to the state court, including its federal constitutional dimension, before a federal habeas court can consider it."). However, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Briggs v. Connelly*, No. 10-CV-3285, 2012 WL 3757652, at *3 (E.D.N.Y. Aug. 16, 2012) (citing *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)).

Finally, the Court is mindful of its obligation to construe a *pro se* petition liberally. *See generally Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009). Since *pro se* litigants are entitled to a "liberal construction" of their submissions, the Court construes them to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). That said, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995). Measured by these standards, the instant petition fails.

Damon failed to present any claim regarding the trial judge's conduct during his cross-examination of Armstead to the Appellate Division in his direct appeal. He no longer has any available state remedies, as both his claims are record-based and could have been raised in his direct appeal. *See* New York Criminal Procedure Law ("CPL") § 440.10(2)(c) (collateral review barred for claims that could have been raised on direct appeal but were not); *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (noting that "[p]etitioner was entitled to one (and only one)

appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals" (citing CPL § 450.10(1); N.Y. Court R. § 500.10(a))). As a result, the state court would find his claims to be procedurally barred and this Court deems the claims to be exhausted but procedurally defaulted. *See Briggs*, 2012 WL 3757652, at *4 (citing *Allison v. Khahaifa*, No. 10-CV-3453, 2011 WL 3928876, at *6 (E.D.N.Y. Aug. 1, 2011) and *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004)).

A petitioner may overcome this procedural default and invoke federal habeas review if he "can demonstrate cause for [his procedural] default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner can establish cause for his procedural default in one of two related ways. First, he can show that some "objective factor, external to Petitioner's defense, interfered with his ability to comply with the state's procedural rule." *Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012). An example of such an objective impediment is "a showing that the factual or legal basis for a claim was not reasonably available" at the time of trial. *Id.* Second, a petitioner can establish cause for his procedural default by showing futility – in other words, that "prior state case law has consistently rejected a particular constitutional claim." *Id.* at 111–12.

Damon fails to demonstrate cause, let alone actual prejudice. He makes no showing as to why his claims could not have been raised before the state courts, nor does the Court discern any basis for excusing his failure to raise them. Both of Damon's complaints focus on conduct at trial. Damon claims that the trial judge improperly barred him from reading from a document

4

not in evidence when he was questioning Armstead,[2] and that the judge inappropriately intervened to question Armstead himself. Both of these claims therefore focus on conduct at trial, and the factual bases for them were therefore manifest on the trial record and available to Damon at the time he filed his state court appeals. So too the legal bases for Damon's claims – the standard for whether judicial intervention rises to the level of a due process violation has remained consistent for more than twenty years, and the rule prohibiting reading from documents not admitted in evidence is no more or less available today than at the time of Damon's trial. *See Quinones v. Artus*, No. 10-CV-1992 (CBA), 2013 WL 5502870, at *8 (citing *Daye v. Attorney Gen. of N.Y.*, 712 F.2d 1566, 1572 (2d Cir. 1983) for the proposition that a judge's intervention in the conduct of a criminal trial would "have to reach a significant extent and be adverse to the defendant to a substantial degree before the risk of either impaired functioning of the jury or lack of the appearance of a neutral judge conducting a fair trial exceeded constitutional limits"); *Pinto v. Walsh*, No. 09-CV-5419, 2014 WL 2594416, at *3 (E.D.N.Y. June 10, 2014) (stating that "[r]eading aloud the contents of a document not in evidence . . . was improper under New York law"). Further, Damon does not argue that state law rendered any objection to either the trial judge's intervention or his prohibition of Damon's line of questioning futile.

Nevertheless, a federal court can review a procedurally defaulted habeas claim even without a showing of cause and prejudice in "extraordinary cases" where a petitioner can demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). However, this exception may be invoked

---

[2] Damon argues that the trial judge allowed the prosecutor to use the document to question Armstead but barred him from doing so. However, a review of the record shows that the document was not introduced into evidence, and while the prosecutor used the document to refresh Armstead's recollection, Damon attempted to read from the document and asked Armstead to do the same. (*See* Pet. at 27–31, 39–40.) More importantly, even if the trial judge had treated Damon unfairly in this regard, the factual and legal basis for this claim was available to Damon at the time he filed his state court appeals, but he did not raise it there.

5

only where the petitioner presents a claim of actual innocence. *See Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (explaining that in "extremely rare" cases, "a petitioner may use his claim of actual innocence as a getaway, or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction" (internal quotation marks omitted)). As the Second Circuit explained:

> [A] claim of actual innocence must be both credible and compelling. For the claim to be credible, it must be supported by new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. For the claim to be compelling, the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.

*Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (citations and internal quotation marks omitted).

Damon makes neither a credible nor compelling showing of actual innocence. His only relevant claim is that a recording of the disputed 9-1-1 call was not played for the jury. Meanwhile, five witnesses testified that they observed Damon attack Gomes, while three others testified about his attack of Gaskin, including Gaskin himself. (*See* Resp't Resp. at 14.) In combination with the additional extensive evidence of guilt introduced at trial, (*see id.* at 14–15), the Court finds that "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Parker v. Ercole*, 666 F.3d 830, 835 (2d Cir. 2012) (internal quotation marks omitted) (finding that even if petitioner's claim was not procedurally barred, it would fail because there was sufficient evidence to support the verdict) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). As a result, Damon has not made a sufficient showing of "actual innocence" to merit consideration of his procedurally barred habeas claims. *See Rivas*, 687 F.3d

at 541; *see also Schlup v. Delo*, 513 U.S. 298, 324–25 (1995) (finding that a showing of actual innocence requires "new reliable evidence . . . that was not presented at trial," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence").

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. As Damon has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Soto v. United States*, 185 F.3d 48, 51 (2d Cir. 1999). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be undertaken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the petition, close this case, and transmit to petitioner, Clifford Damon, a copy of this Memorandum and Order and the accompanying judgment via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
      March 28 , 2019

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge